IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID M. STURGEON, #Y41998, <br><br> **Plaintiff,** <br><br> v. <br><br> WOODFORD COUNTY, IL JAIL, *et al.*, <br><br> **Defendants.** | Case No. 20-cv-00748-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff commenced this action on July 31, 2020, by submitting a Pro Se Civil Rights Complaint form. (Doc. 1). The Federal Rules of Civil Procedure provide that "[a] civil action is commenced by filing a complaint with the court." FED. R. CIV. P. 3. In other words, "the first step in the action is the filing of the complaint." *Id.*, Advisory Committee Notes, 1937 Adoption. Although Plaintiff has attached copies of grievances to the Civil Rights Complaint form, no complaint has been filed in this case, and Plaintiff has left the "statement of claim" section of the form blank. Furthermore, there is no request for relief. Rule 8(a)(3) requires "[a] pleading that states a claim for relief [to] contain . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." FED. R. CIV. P. 8. While *pro se* litigants are not held to the same standards as licensed attorneys, they are not entitled to general dispensation from the rules of procedure. *See Wicker v. Ill. Dep't of Pub. Aid,* 215 F.3d 1331 (7th Cir. 2000) (*citing Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994)). For these reasons, the instant filing cannot be considered an adequate complaint. *See* FED. R. CIV. P. 8.

**IT IS THEREFORE ORDERED** that the Clerk of Court is **DIRECTED** to **STRIKE** the

Complaint at Doc. 1. *See* SDIL-LR 8.1(b). If Plaintiff wishes to further pursue this action, he shall file a complaint on or before **September 22, 2020**. Plaintiff is advised that a successful complaint generally alleges "the who, what, when, where, and how…" *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Plaintiff should attempt to include the relevant facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. Failure to respond to this order by the prescribed deadline will result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b), and Plaintiff will remain obligated to pay the filing fee. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk of Court is **DIRECTED** to send Plaintiff a copy of this Order, along with a Pro Se Civil Rights Complaint form, and the Instructions for Filing a Pro Se Civil Complaint for Civil Rights Violations or Other Civil Claims Filed by a Person in Custody. Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to timely submit a change of address will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:   August 25, 2020

s/ *Nancy J. Rosenstengel*
NANCY J. ROSENSTENGEL
**Chief U.S. District Judge**